**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCOTT TROY COOK,

        Plaintiff-Appellee,

  v.

MATTHEW CATE, Current Director of
CDCR; F. JUAQUEZ, Current Warden at
PBSP; G. D. LEWIS, Previous Warden at
PBSP; D. W. BRADBURY, CDW of PBSP;
K. MCGUYER, Assistant Warden of PBSP;
M. COOK, CDW of PBSP; EVERETT W.
FISCHER, Correctional Officer for CDCR;
J. A. HARRISON, C/O for CDCR; KERI
BERKLER, C/O for CDCR; R. COX, C/O
for CDCR; T. WOOD, C/O for CDCR; D.
FOSTON, C/O for CDCR; D. VAN LEER,
C/O for CDCR; R. GRAVES, C/O for
CDCR; J. DIGGLE, C/O for CDCR; P.
WENNING, C/O for CDCR; J. E. PIEREN,
C/O for CDCR; D. JACQUEZ, AKA D.
Vacquez, Pelican Bay State Prison
Correctional Counselor II (CCII); M.
MARKEL, C/O for CDCR; C. E. WILBER,
C/O for CDCR; F. JACQUEZ,

        Defendants-Appellants.

No.   14-16769

D.C. No. 4:11-cv-06581-YGR

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted March 13, 2017
San Francisco, California

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

Scott Troy Cook is an inmate at Pelican Bay State Prison serving a sentence of life without the possibility of parole. In 2008, prison officials validated him as an associate of a recognized gang and transferred him to the Security Housing Unit. The officials appeal the district court's denial of their motion for summary judgment on qualified immunity as to Cook's § 1983 due process challenge to the adequacy of the notice he received in his validation process. We have jurisdiction under 28 U.S.C. § 1291 to review "whether, taking all facts and inferences therefrom in favor of the plaintiff, the defendant[s] nevertheless [are] entitled to qualified immunity as a matter of law," *Jeffers v. Gomez*, 267 F.3d 895, 905–06 (9th Cir. 2001) (per curiam), and we reverse.

In the circumstances of this case, *Hewitt v. Helms*, 459 U.S. 460 (1983), provides the appropriate due process standard. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). Under *Hewitt*, the inmate must be afforded "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him." 459 U.S. at 476.

Here, the officials easily satisfied that standard. Cook was notified that he was slated for validation as a gang associate. Following California regulations, the

2

investigator gave Cook the evidence supporting validation: a copy of the non-confidential source and forms summarizing the four confidential sources.[1] The source and forms included the relevant details, dates, and parties. Cook was permitted to reply to that evidence both orally and in writing. He wrote four pages responding to each of the five pieces of evidence individually. Cook also appeared at hearings before the deciding committee where he was permitted to make his case. The officials provided all the process that was required. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1099–101 (9th Cir. 1986).

Because there was no violation of Cook's due process rights, the officials are entitled to qualified immunity on Cook's due process claim, and summary judgment should be entered for them. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).

**REVERSED.**

---

[1] To the extent Cook challenges whether there is "some evidence" in the record to support his validation, his argument fails because at least one of the relied-upon pieces of evidence has "sufficient indicia of reliability." *See Bruce*, 351 F.3d at 1287–88.